Nigel Edge

Civil Action No. 7:25 - CV - 203 - BO

Vs.

United States

of America

(Veteran's Affairs)

**Associate General Counsel**

Office of General Counsel

U.S. Office of Personnel Management

1900 E Street NW Room 7347

Washington, D. C. 20415

A lawsuit has been filed against the United States of America; based on statute.

-22 U.S. Code § 2702 - Malpractice protection

-Attempted murder

-Personal Injury- broken foot

-That the Veteran's Affair's has caused Nigel Edge physical and psychological damage under their care

- Nigel Edge was Honorably medically retired from the Armed Forces serving the United States of America.

- that the plaintiff's severe wounds were a direct result from combat overseas

-The plaintiff has suffered a broken foot from intentional faulty equipment that the plaintiff requires to walk.

-The realization that the plaintiff already had many handicaps before this malpractice reveals the obvious sabotage and intentional continuation of the "Hate Crime," he survived overseas, and asks the court to take that into consideration

-That the medical care provided to Nigel Edge has been below standard

-Doctors and medical staff have and are attempting to gaslight the plaintiff in a harmful manor

-Attempting to murder the plaintiff by the overall treatment; psychologically and physical harassment after surviving a government organized raid in Iraq during the "Abu Ghraib Scandal."

-In the Discovery and understanding of this hate crime during the "Abu Ghraib Scandal" in Iraq and the LGBQT code used has revealed motivations and disturbing VA actions contributed to the intentional attempted murder of Nigel Edge

-Prescribing Methadone(method-one((LGBQT)) code) when Nigel wasn't on pain medication at the time

-the VA nurse voice to Nigel that he was "taking it wrong, he was supposed "To dissolve it"
(die to solve it- in ((LGBQT code))

-VA doctors prescribed Nigel Edge ED (erectile disfunction medication), when he did not have sexual dysfunction, meaning that the doctors were prescribing Nigel Edge PEE, based on the antagonizing the plaintiff after surviving the hate crime in Iraq, when he was urinated on after being set up in the Marine Corp..


As observed in the attached newspaper article the VA has conspired with the Victim's Father (now known captor, as the victim is now knows he was human trafficked his entire life) in an attempt to get the victim to "Commit Suicide," as a veteran martyr.

-The Plaintiff is in no way "Suicidal," but the plaintiff has been "punished" by medical personal for what he has survived and even for doing the right thing; not for what he personally has done…





**DOSHER**
Memorial Hospital

**J Arthur Dosher Memorial**
924 N Howe Street, Southport, NC 284613038 - 910-457-3800

Patient Name: NIGEL EDGE
MRN: 254934
Note Type: ED Discharge Instructions

DOB: 10/25/1984
Account #: 4128089

---

**Emergency Department Discharge Instructions**

Date of Discharge: 02/16/2024
You were treated for: Opioid use with withdrawal

| Diet | Resume regular diet |
|------|---------------------|

| Activity | Resume normal activity as you are able to tolerate |
|----------|---------------------------------------------------|

| Follow-Up | Follow up with Your primary care provider/family physician |
|-----------|-----------------------------------------------------------|

| Other Instructions | |
|--------------------|--|

| Medications | Refer to your discharge medication list below. Take your medications as prescribed. Your prescriptions have been sent electronically to the pharmacy of your choice |
|-------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------|

| **Discharge Medications** | | | | | |
|---------------------------|--------|-------|-----------|---------------|---------------------|
| Medication | Dosage | Route | Frequency | Prescribing MD | Special Instructions |
| OxyCONTIN 20MG Oral Tablet, Extended Release | 1 Tablet | BY MOUTH | Every 12 hours | HOFFMAN JAMES R DO | 1 Tablet BY MOUTH Every 12 hours |

Portions of this note may be dictated using Dragon voice recognition software. Variances in spelling and vocabulary are possible and unintentional. Not all errors are caught/corrected. Please notify the author if any discrepancies are noted or if the meaning of any statement is not clear.

---

*This doctor prescribed me less then what I need and notice Dr. Koruso prescribed me on 1/22 (now 22). This doctor supplemented her prescription adjusting it to 4 days of 2 20 mg. (for 22). The doctor who dropped me before doc Koruso's refill changed my medication to 4 (pills) 5 mg of 2 20mg. (pills for 22) before she dropped me.*

*- Broken foot negligence*
*- Pain + suffering*
*- College classes*

*I am being bullied by doctors because I survived a hate crime in I*

*I am not suicidal, but its obvious what they are*

*People are doing this out to me*

**THOM TILLIS**
NORTH CAROLINA

113 DIRKSEN SENATE OFFICE BLDG
WASHINGTON, DC 20510
PH: (202) 224-6342

https://tillis.senate.gov

# United States Senate

WASHINGTON, DC 20510

COMMITTEES
BANKING, HOUSING, AND URBAN
DEVELOPMENT
FINANCE
JUDICIARY
VETERANS' AFFAIRS

February 20, 2024

Mr. Nigel Edge
157 NW 10th St
Oak Island, NC 28465-7018

Dear Mr. Edge,

Thank you for contacting my office in Greenville, North Carolina regarding your issue with the Fayetteville VA Medical Center. My office is here to help, and I appreciate the opportunity to serve you.

In order to assist you in this case, please complete the enclosed Privacy Act Release Form and include any supporting documents that may be helpful in addressing your concerns. The privacy form must be hand signed and include a detailed description of the request; you may use a second sheet if necessary. Please return to the following address:

> The Office of U.S. Senator Thom Tillis
> Attention: Betsy Byma
> 1694 E. Arlington Boulevard, Suite B
> Greenville, NC 27858
> Phone: (252) 329-0371
> Fax: (252) 329-0290

If you have further questions, please contact my Greenville office. Thank you for the opportunity to be of assistance.

Sincerely,

Thom Tillis
U.S. Senator

TRT/bb

Enclosure

| CHARLOTTE OFFICE: | RALEIGH OFFICE: | GREENSBORO OFFICE: | GREENVILLE OFFICE: | HENDERSONVILLE OFFICE: |
|---|---|---|---|---|
| 10150 MALLARD CREEK RD | 310 NEW BERN AVE | 3200 NORTHLINE AVE | 1694 E ARLINGTON BLVD | 1 HISTORIC COURTHOUSE SQ |
| SUITE 508 | SUITE 122 | SUITE 130 | SUITE B | SUITE 112 |
| CHARLOTTE, NC 28262 | RALEIGH, NC 27601 | GREENSBORO, NC 27408 | GREENVILLE, NC 27858 | HENDERSONVILLE, NC 28792 |
| PH: (704) 509-9087 | PH: (919) 856-4630 | PH: (336) 885-0685 | PH: (252) 329-0371 | PH: (828) 693-8750 |

PRIMARY CARE SERVICE LINE
PROVIDER REASSIGNMENT REQUEST

Please complete the information below including the specific reason you are requesting a change in primary care provider.

Please be advised that if you are taking **NARCOTIC PAIN MEDICATION,** a request to change providers in order to change or increase narcotics will not be honored.

You will be notified by mail of the decision within three weeks. A request for a specific provider cannot be assured.

**It is required that you continue care with your new provider for a period of at least one year before submitting another change in provider request.**

When you have completed this form for a change of provider, submit it to the PACT RN Care Manager in your clinic.

PATIENT NAME: Nigel Edge          PATIENT LAST 4 OF SS# 6320

Current address and Phone Number: 157 NW 10th Street Oak Island NC 28465
**Name of Current** VA Primary Care Provider: Dr. Karuso
State Specific Reason for Request (If you need more space please write on the back):
She is a RACIST and she is trying to murder me. She is prescribing me 22 (Veteran suicide) in code through my medication. Everyone she has referred me to will not help me and I know I did not do anything wrong. I was told multiple veteran's have committed suicide under her care. Dr. Karuso is a murderer. She is trying to keep me under her care to write *
I acknowledge that I read this form, understand the requirements and that my statement is true and accurate to the best of my knowledge.

PATIENT SIGNATURE  Nigel Edge          DATE: 3/25/24

PACT TEAM REASON FOR FORWARDING FOR REASSIGNMENT:

PACT TEAM REPRESENTATIVE SIGNATURE/DATE:

DETERMINATION:        REASSIGN            DO NOT REASSIGN
COMMENTS:

CHIEF, PRIMARY CARE SERVICE LINE/DATE:

REV: 25 February 2015

✱ the death report the way she wants/it to be. I have requested a change of provider multiple times. I have had to go to the ER multiple times due to her failure to work with me. My life is being sabotaged, my grades are going down in college and I have missed over a week of school because of this, I do not feel safe under her care. I will continue to call 9/11 for security while under her care. The entire world knows what she is trying to accomplish. I am not a criminal and have more education the some doctors

Nigel Edge

# Complaint Report

## Confirmation

You have successfully submitted your complaint. We will review your complaint and take appropriate action as necessary. If you provided contact information, it is possible that we may contact you or any other involved parties you entered for additional details.

## Confirmation Information

**Submission Date:** 12/5/2024 12:19:55 PM

**Confirmation Number:** V4HSU-TIMLC

## Your Information

**Name:** Mr. Nigel Max Edge

**Address:**
157 Nw 10th Street
Oak Island, NC 28465

**Daytime Phone Number:** 910-338-6314

**Other Phone Number:**

**Your Email Address:** nigeledge3@gmail.com

## Patient Information

**Name:** Nigel Max Edge

**Date of Birth:** 10/25/1984

**Relationship to Patient:** Self

## Practitioner/Respondent Information

**Name:** Brian Allen Shaner

**License** MD #2010-00039

**Primary Practice:** 508 Fulton Street
Durham, NC 27705

**Specialty:** Family Medicine

**Licenses's Phone Number:**

## Incident Information

**How did you hear about the NC Medical Board?** Internet

The Board does not regulate billing/fee/insurance issues.

**Narrative:** Recently Doctor shaner referred me to the dpsy(spelling unknown) clinic, and I have learned a lot recently about my past that I am reevaluating things that is making things obvious. Understanding the Hate crime I survived(I am straight white male) in the military in Iraq(Abhu Ghraib scandal, lead by "a couple bad eggs or bad gay couples") has forced me to learn this queer language or lexicon that uses different rules and slang, and phenetics then the typical English language. Knowing this and understanding my past knowing I was a victim of the epstien scandal in NY because I am endowed, I believe Doctor Shaner was talking backwards phonetically and wants to see my pp(penis). I tried to call the "dipsy clinic," which I don't believe exists. I remember the first time I met Dr shaner my mother was with me and now I know my parents are the reason this happened to me; and

there trying to get me to commit suicide and doctor shaner said on this dose prescribed long and short acting opiods at the same time and this amount statistically has the most people either accidentally/ or intentionally overdosing. I was unaware of this language and motives up until relatively recently. There is a newspaper article in the Journal News on mar 25, 2006 "Vanderbilt lumber sold to developer," that in this language ordered me to be killed in Iraq and it states they are hoping for a 22(suicide). I am not suicidal, but I have been bombarded since Iraq with mistreatment by people from every angle because of what they did to me. Doctor shaner is gaslighting me. I requested people to record our communication. I have requested to switch to immediate release tablets so I can keep my baseline dependence low for pain and smaller tablets so instead of taking a dangerous dose when I can take a smaller dose for the pain that I feel at that time. I am educated and not a criminal, I have been dealing with chronic pain for a long time and the risks involved, and I would like to have the same overall dose but in 5 mg tablets that I can take as needed, for a much safer lifestyle. I want to keep the least amount of medication in my system to prevent addiction and possibly being drugged by someone on top of my own medication(which is a very real possibility in my situation unfortunately). I have mentioned it many times(being ignored) and he wants to see dipsy for a adjustment( see my d or PP/penis) is his response... This isn't the first time this type of behavior has happened to me..

**Is this an issue pertaining to obtaining medical records?** No

**Have you submitted a medical record release form to your provider?** No

**Is this an issue pertaining to obtaining a signature on a death certificate?** No

**Is this complaint based on sexual misconduct by a medical provider?** Yes

**When did this event occur?** December 4th 2024 I had a phone appointment with doctor Randy;and he gaslighted me and seemed like we literally had conversations that went in circles and nothing changed. Dr. Shaner said its not safe

**Full name of practice or hospital where this event occurred:** croasdaile va clinic

**Address:** 3114 Croasdaile Drive
Durham, NC 27705

**Have you contacted the licensee about your concern?** No

**What would you consider to be a fair resolution to your complaint? (The Board cannot assist with compensation)** I wouldn't mind a new provider because I know sometimes this just makes things worse. Otherwise I just want to be treated fairly and no sexual advances. I would like doctor's to work with me.

Upload Information

**Uploaded Files:** pdf.pdf

**Comments Pertaining to Uploaded Files:** Attached should be the newspaper article explaining or showing the queer lexicon if it uploaded. I don't understand why my parents (who aren't blood related) are not in jail. I only found out about this within the past few months, and it explains why people have been treating me badly (because I know I'm a good person) since Iraq, I just didn't know about it. It should be considered a hate crime in itself... Anyway that's a different issue... Thank you for your help.

The VA Keeps putting me under doctors affiliated w/ people who tried to murder me in Iraq.

**THOM TILLIS**
NORTH CAROLINA

113 DIRKSEN SENATE OFFICE BLDG
WASHINGTON, DC 20510
PH: (202) 224-6342

https://tillis.senate.gov

COMMITTEES

BANKING, HOUSING, AND URBAN
DEVELOPMENT
FINANCE
JUDICIARY
VETERANS' AFFAIRS

# United States Senate

WASHINGTON, DC 20510

March 21, 2024

Mr. Nigel Edge
157 NW 10th St
Oak Island, NC 28465-7018

Dear Mr. Edge,

I am writing to let you know that I have received the following final response from the Fayetteville VA Medical Center regarding the inquiry my office made on your behalf:

> "We have engaged with the PCP for Mr. Edge for assistance with connecting this Veteran with the pain mgmt. care he's requesting. The referral coordination team reports that Mr. Edge has limited options for care in the community due to the high-level of opioids he's currently on. Furthermore, the Veteran is very specific about which community care providers he could see because he reported that he had already seen most and does not want to be seen again by those providers or any providers affiliated with those that he has already seen. Veteran was discharged by the pain community provider he was seeing due to an undisclosed incident. His PCP then took over his prescription however at this point the PCP does not feel comfortable continuing to renew his prescription. Veteran declined to be seen in-house for pain management due to concerns with long drive time. Another pain consult was entered and approved for Mr. Edge to be seen by another community care provider however, the community provider declined to see Mr. Edge due to him being on a high dose of opioids. His PCP has been making attempts to contact Mr. Edge but calls haven't been answered. The nurse for Mr. Edge has also been communicating with Mr. Edge via secure messaging let him know that they are making every attempt to get his pain mgmt. care coordinated via CITC. "

Thank you for the opportunity to be of assistance.

Sincerely,

Thom Tillis
U.S. Senator

TRT/bb

CHARLOTTE OFFICE:
10150 MALLARD CREEK RD
SUITE 508
CHARLOTTE, NC 28262
PH: (704) 509-9087

RALEIGH OFFICE:
310 NEW BERN AVE
SUITE 122
RALEIGH, NC 27601
PH: (919) 856-4630

GREENSBORO OFFICE:
3200 NORTHLINE AVE
SUITE 150
GREENSBORO, NC 27408
PH: (336) 885-0685

GREENVILLE OFFICE:
1694 E ARLINGTON BLVD
SUITE B
GREENVILLE, NC 27858
PH: (252) 329-0371

HENDERSONVILLE OFFICE:
1 HISTORIC COURTHOUSE SQ
SUITE 112
HENDERSONVILLE, NC 28792
PH: (828) 693-8750

# OFFICE OF U.S. SENATOR THOM TILLIS



## PRIVACY AUTHORIZATION RELEASE FORM

The provisions of Public Law 93-579 (Privacy Act of 1974) prohibit the disclosure of information of a
personal nature from the files of an individual without their expressed consent. Accordingly, I authorize
Senator Thom Tillis or any authorized member of his staff to access any and all of my records that relate to
the problem stated below.

Name: _____ NIGEL Edge _____

Mailing Address: _____ 157 NW 19th Street _____

City: _____ Oak island _____ State: _NC_ Zip: _28465_

Home Phone: ( _____ ) _____ Other Phone: ( 910 ) 338-6314

Email Address: _____ NIGELEdge3@gmail.com _____

Date of Birth: _10/25/84_ Social Security Number: _122 686320_

Claim Number: _____ *(Please provide the appropriate identification number pertaining to the issue of concern.)*

Which federal agency does this involve? _____ VA + Healthcare _____

Please describe the specific information you are requesting or the exact nature of the problem you are experiencing. Send copies of
relevant information. **Please do not send original copies. Use extra paper if necessary.**

_____ Medical and Whatever is necessary. _____

_____ I want the NC Medical board to go through my medical record * _____

SIGNATURE: _____ Nigel Edgell _____ DATE: _2/21/24_

*Please send completed form and correspondence to:*

Office of U.S. Senator Thom Tillis
*Attention, Casework*
1694 E. Arlington Blvd, Suite B
Greenville, North Carolina 27858
Phone: (252) 329-0371
Fax: (252) 329-0290

\* and remove all biases. Because I survived a hate crime in Iraq while
serving in the Marine Corp I have been severly discriminated against. A lot of people
are lying to me and recently I am discovering a lot of what is going on.
I did not understand until recently my situation. I am a straight, white, male

would it truly to turning into a martyr for "Veteran Suicide. I AM NOT SUICIDAL

THOM TILLIS
NORTH CAROLINA

113 DIRKSEN SENATE OFFICE BLDG
WASHINGTON, DC 20510
PH: (202) 224-6342

https://tillis.senate.gov

COMMITTEES
BANKING, HOUSING, AND URBAN DEVELOPMENT
FINANCE
JUDICIARY
VETERANS' AFFAIRS

# United States Senate

WASHINGTON, DC 20510

January 4, 2024

Mr. Sean DeBevoise
157 NW 10th St
Oak Island, NC 28465-7018

Dear Mr. DeBevoise,

I am writing to update you on the status of your case with the U.S. Department of Veterans Affairs. My office has received the following response:

> "VA cannot intervene in the concerns about Novant, which a private sector provider, Mr. DeBevoise, sees outside the community care process. However, regarding the internal primary care concerns, Mr. DeBevoise has been reassigned from Wilmington Primary Care to a Brunswick Primary Care Team. Mr. DeBevoise, Wilmington Primary Care, submitted a new pain management consult on December 20, 2023, which is currently awaiting disposition by the Care in the Community Team."

My staff will keep you informed when additional updates become available. If you receive any direct communication from the agency, please contact Betsy Byma in my Greenville office at (252) 329-0371.

Sincerely,

Thom Tillis
U.S. Senator

TRT/bb

CHARLOTTE OFFICE:
10150 MALLARD CREEK RD
SUITE 506
CHARLOTTE, NC 28262
PH: (704) 509-9087

RALEIGH OFFICE:
310 NEW BERN AVE
SUITE 122
RALEIGH, NC 27601
PH: (919) 856-4630

GREENSBORO OFFICE:
3200 NORTHLINE AVE
SUITE 304
GREENSBORO, NC 27408
PH: (336) 885-0685

GREENVILLE OFFICE:
1694 E ARLINGTON BLVD
SUITE A
GREENVILLE, NC 27858
PH: (252) 329-0371

HENDERSONVILLE OFFICE:
1 HISTORIC COURTHOUSE SQ
SUITE 112
HENDERSONVILLE, NC 28792
PH: (828) 693-8750

Case 7:25-cv-00203-FL   Document 1-50   Filed 01/07/25   Page 10 of 11
Case 7:25-cv-00203-FL   Document 1-50   Filed 09/24/25   Page 12 of 56

# Vanderbilt lumberyard sold to developer



Bernie, who became businesspartners in 1885 with Vanderbilt and Billy DeBevoise's greatgrandfather.

"I hope they have a successful business, stay and last for another few generations," DeBevoise said of the Willows family's new business.

Willows' son, Mike, 22, hopes so, too.

"I was sitting down the road one day if we do well, one day maybe I could take it over," said Mike Willows, a recent College of New Jersey graduate with a bachelor's degree in communications.

Vanderbilt's history is a reflection of New City's. It first served as a post office and grocery store, selling coal and livestock feed when New City was mostly a farm town. It expanded as the community did.

New City's population grew

Joe Termini of Congers, right, a longtime customer, says goodbye to William "Billy" DeBevoise, owner of Vanderbilt's for the past 43 years.

with the construction of the New York State Thruway and the Palisades Interstate Parkway, Clarkstown historian Robert Knight said. In the mid 20th century, the store began to focus on hardware and building supplies, including lumber.

"They were right in the heart of everything," Knight said. "They

initially supplied all of the lumber and building materials for all of the new housing after World War II."

Calibre Builders Inc. has proposed luxury condominiums for center climate at the Scarrs property, which is still the site of the New City train station.

At a time when Clarkstown officials are seeking to revitalize downtown New City, the owner of that old flailless shopping center in New City, Alfred Weissman of MAR Development Corp. in Englewood Cliffs, N.J., intends to acquire the station, restore it and create a railroad motel in the plaza.

Willows, who has worked for the DeBevoise family for 37 years and whose new store is adjacent to the plaza said, "It'll be nice to see it there."

Reach Chapagu Jorg at cjang@lohud.com or 845-578-2497





*(handwritten)* → Latin Anagram (Phonetic)
Joe Termini
YO END NEAS
I End Sean
(kill)

## *Vanderbilt lumberyard to close 2*

William John DeBevoise- Going to see(Latin,Voy) (Phonetic anagram) Dead
Sean William DeBevoise-Going to see dead, mail will

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| 1301 K Street N.W., Suite 250E, Washington D.C. 20005 | NIGEL Edge 151 NW 10th Street Oak island NC 28465 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH<br>10/25/84 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>1/22/24 | 7. TIME (A.M. OR P.M.)<br>— |
|---|---|---|---|---|

**8.** Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

- Pain and Suffering due to medical negligence. - Broken foot - under prescribing medication
- Attempting to cause me to commit suicide as a Veteran Martyr.
- Gaslighting - With holding information. - Bullying by doctor's + employee.

**8.** **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

**10.** **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Nigel Edge's broken foot from improper medical equipment and care. Medical Malpractice due to scrutinizing a "Hate Crime" by the U.S. Government. + Harassment

**11.** **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |
| | |

**12.** (See instructions on reverse.) **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | 2,000,000.00 | Attempted | 2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>NIGEL Edge Nigel Edge | 13b. Phone number of person signing form<br>(910) 338-6314 | 14. DATE OF SIGNATURE<br>3/6/24 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| Claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046
STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE

Case 7:25-cv-00203-FL    Document 1-2    Filed 01/07/25    Page 14 of 56
Case 7:25-cv-01518-FL    Document 1-3    Filed 09/24/25    Page 14 of 56

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items – insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530.

SF 95   BACK

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nigel Max Edge

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  Bronswatck County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  U.S. of America
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE 1/7/2025

SIGNATURE OF ATTORNEY OF RECORD
Nigl Edg

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
_Southern_ DIVISION
No. _7:25-cv-203-80_

**FILED**

JAN 07 2025

PETER A. MOORE, JR. CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

_Nigel Edge_

)
)

_157 NW 10th St Oak Island_
_NC 28465_

)
)
)

Plaintiff(s),

)
)

**NOTICE OF SELF-REPRESENTATION**

v.

)
)
)

_Veteran's Affairs_

)
)
)

)
)
)

Defendant(s).

)

I, _Nigel Edge_____, a Plaintiff/Defendant in the above-captioned matter, hereby enter my appearance as a pro se party. I understand that I am responsible for notifying the court of any change in my contact information and if I obtain representation by an attorney in the future.

Pursuant to Local Civil Rule 5.1(f)(2), I understand that where the clerk scans and electronically files documents into the Court's Case Management/Electronic Case Filing ("CM/ECF") system on my behalf, the filing generates a Notice of Electronic Filing ("NEF") that is served on registered users of CM/ECF in the case. The NEF constitutes service on registered users in the case pursuant to Fed. R. Civ. P. 5(b)(2)(E).

I understand that pursuant to Fed. R. Civ. P. 5(d), I must still serve any non-registered users of CM/ECF in the case with a copy of every paper that I file and file a certificate of service.

I agree that all court papers may be mailed to me by first-class mail at the mailing address I provide on this form. I also agree that if I have completed and submitted a Pro Se Consent & Registration Form to Receive Documents Electronically that all court papers may be emailed to me at the email address I provide on this form.

I have previously submitted a Pro Se Consent & Registration Form to Receive Documents Electronically: **Yes ☐ No ☐** If Yes, name under which the form was submitted: _____.

I understand that I am responsible for notifying the court of any change in my contact information and if obtain representation by an attorney in the future. My contact information is listed on the following page:

My Mailing Address is:

157 NW 10th St

Oak Island    NC    28465
Town/City          State     Zip Code

(910) 338-6314
Telephone Number (daytime)

Nigel Edge3@Gmail.com
Email address

Date:  1/7/2025

My Street Address (if different from mailing address) is:

_____    _____    _____
Town/City                          State     Zip Code

_____
Telephone Number (evening)

Nigel Edge
Signature

# UNITED STATES DISTRICT COURT

for the

**FILED**

JAN 07 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

)
)
)
)
Nigel Edge )
*Plaintiff(s)* )
v. ) Civil Action No. 7: 25 - CV-203 - BO
)
)
)
Veteran's Affairs )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Office of General Counsil
U.S. Office of Personnel Management
1900 E Street NW Room 7347
Washing. D.C. 20415

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nigel Edge
157 NW 10th St
Oak Island NC 28465

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 1/7/2025

_____
*Signature of Clerk or Deputy Clerk*

# Federal District Court

Nigel Max Edge

Vs.                                  Case #7:25-CV-203-30

Associate General Counsel

United States of America

Veteran's Affairs

Motion for

Default Judgement

    The Plaintiff petitions the court, and requests a Default Judgement passed against the Veteran's Affairs(Associate General Counsel), in favor of the Plaintiff; who was notified on January 10th 2025, and has not responded in 30 days.

x _____ *Nigel Edge* _____          2/25/2025

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Associate General Counsel (VA)

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☒ Other *(specify):*   Certified Mail as instructed.

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  2/24/2025

_____
*Server's signature*
Nigel Edge

_____
*Printed name and title*
Nigel Edge

_____
*Server's address*
157 NW 10th St Oak Island NC 28465

Additional information regarding attempted service, etc:

7:25-CV-203-80

# USPS Tracking®

FAQs >

Tracking Number:

**95890710527006136419918**

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

Remove ✕

### Latest Update

Your item was delivered to an individual at the address at 1:16 pm on January 10, 2025 in WASHINGTON, DC 20415.

### Get More Out of USPS Tracking:

**USPS Tracking Plus®**

● **Delivered**
**Delivered, Left with Individual**
WASHINGTON, DC 20415
January 10, 2025, 1:16 pm

● **Arrived at Post Office**
WASHINGTON, DC 20018
January 10, 2025, 9:09 am

● **In Transit to Next Facility**
January 9, 2025

● **Arrived at USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER
January 8, 2025, 3:59 pm

● **In Transit to Next Facility**
January 8, 2025, 3:35 pm

● **Departed USPS Regional Facility**
WASHINGTON DC DISTRIBUTION CENTER

Feedback

January 8, 2025, 3:22 pm

**Arrived at USPS Facility**

DISTRICT HEIGHTS, MD 20747

January 8, 2025, 11:55 am

**Arrived at USPS Regional Facility**

WASHINGTON DC DISTRIBUTION CENTER

January 8, 2025, 11:04 am

**In Transit to Next Facility**

January 8, 2025, 6:32 am

**Departed USPS Regional Facility**

FAYETTEVILLE NC PACKAGE SORTING CENTER

January 8, 2025, 4:40 am

**Arrived at USPS Regional Origin Facility**

FAYETTEVILLE NC DISTRIBUTION CENTER

January 7, 2025, 10:50 pm

**Departed Post Office**

BOLIVIA, NC 28422

January 7, 2025, 4:32 pm

**USPS in possession of item**

BOLIVIA, NC 28422

January 7, 2025, 3:57 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

## Text & Email Updates                                           ⌄

## USPS Tracking Plus®                                            ⌃

Your item is eligible for USPS Tracking Plus. This feature allows you to buy extended access to your tracking history and receive a statement via email upon request. Without this feature, your regular tracking history is only available on this site until January 8, 2027. To extend your access to this tracking history, select the length of time you would like and confirm your selection. You can only purchase extended history once, so all orders are final and are not eligible for a refund.

**Note:** For multiple tracking numbers, you can save and continue adding USPS Tracking Plus selections to your cart until you are ready to complete your purchase.

3 Years
**$5.25**

5 Years
**$6.25**

7 Years
**$7.30**

10 Years
**$8.50**

☐ I have read, understand, and agree to the **Terms and Conditions. (https://www.usps.com/terms-conditions/tracking-plus.htm)**

**Confirm Selection**

---

**Product Information**                                                    ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

**United States District Court**

**Eastern District of North Carolina**

FILED

MAY 29 2025

PETER A. MOORE, JR. CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Nigel Max Edge

**V.**

Veteran Affairs

**Case No.#7:25-CV-203BO**

**Motion**

**Request to Expedite**

---

## Motion Request to Expedite "Default Judgment"

The Plaintiff formerly Requests the Court to Expedite the Judgment of this Case, based on Continued "Harassment" by the LGBQT Community within the Veteran Affairs System.

-Plaintiff Formerly Requests an Investigation be made on a Systematic mistreatment of Veteran's Specifically Veteran's of the "Abu Ghraib Scandal" that are unknowingly being subjected to a "Ethnic Cleansing," that was occurring in Iraq by the use of Chemical Weapons(poison) and intentional prejudices.

The plaintiff has been subjected (see attach) to false allegations by Doctor Shaner and continued LGBQT domestic Terrorists within the VA system "Promoting Suicide," abusing there "Authority revealed in the attached documentation.

X _Nigel Edge_ 5/28/2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-cv-00203-BO-BM

| | | |
|---|---|---|
| NIGEL EDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NOTICE OF RELATED CASE |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| (Veteran's Affairs), | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, by and through the Acting United States Attorney for the Eastern

District of North Carolina, hereby notifies the Court that an open case filed by

Plaintiff in North Carolina state court, which was just removed into this district, is

related to this case. The related case is <u>Edge v. Shaner</u>, 7:25-cv-1112, and contains

tortious allegations, including medical malpractice by a doctor with the United States

Veteran's Administration, which demonstrate 1) the cases concern substantially the

same parties, transactions, and events; 2) the cases call for a determination of the

same or substantially related or similar questions of law and fact; and 3) it appears

likely that there will be an unduly burdensome duplication of labor and expense or

conflicting results if the cases are conducted before different judges.

Pursuant to Local Civil Rule 40.3(c), this notice is not construed as a notice of

appearance. Furthermore, this notice should not be construed as an

acknowledgement or concession that Federal Rule of Civil Procedure 4(i) has been

satisfied.

Respectfully submitted, this 12th day of June, 2025.

DANIEL P. BUBAR
Acting United States Attorney

BY:     /s/   Rudy E. Renfer
RUDY E. RENFER
Assistant United States Attorney
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: rudy.e.renfer@usdoj.gov
NC Bar #23513

## CERTIFICATE OF SERVICE

I certify that I have on this 12th day of June, 2025, served the foregoing Notice

by filing on CM/ECF and/or by placing a copy of the same in a postage paid envelope:

Nigel Max Edge
157 NW 10th Street
Oak Island, NC 28465

BY:     /s/ Rudy E. Renfer
RUDY E. RENFER
Assistant United States Attorney
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: rudy.e.renfer@usdoj.gov
NC Bar #23513

**United States District Court**

**Eastern District of North Carolina**

Nigel Max Edge

**V.**

Veteran Affairs

**Case No.#7:25-CV-203BO**

**Motion**

**Request to Expedite**

**Motion Request to Expedite "Default Judgment"**

The Plaintiff formerly Requests the Court to Expedite the Judgment of this Case, based on Continued "Harassment" by the LGBQT Community within the Veteran Affairs System.

-Plaintiff Formerly Requests an Investigation be made on a Systematic mistreatment of Veteran's Specifically Veteran's of the "Abu Ghraib Scandal" that are unknowingly being subjected to a "Ethnic Cleansing," that was occurring in Iraq by the use of Chemical Weapons(poison) and intentional prejudices.

The plaintiff has been subjected (see attach) to false allegations by Doctor Shaner and continued LGBQT domestic Terrorists within the VA system "Promoting Suicide," abusing there "Authority revealed in the attached documentation.

X _Nigel Edge_ 6/18/25

7:25-CV-203-BO

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No.

FILED
JUN 26 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Plaintiff(s), Nigel Edge )
)
)
v. )
)
)
Defendant(s). Veteran Affairs )

**DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER ENTITIES WITH A
DIRECT FINANCIAL INTEREST IN LITIGATION AND ATTRIBUTED CITIZENSHIP**

Pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.3, or Fed. R. Crim. P. 12.4 and Local
Criminal Rule 12.3,

_____Nigel Edge_____ who is _____Plaintiff_____,
(name of party/intervenor)       (plaintiff/defendant/other:_____)

makes the following disclosure:

1. Is the party/intervenor a publicly held corporation or other publicly held entity?

   YES ◯         NO ⊗

2. Does the party/intervenor have any parent corporations?

   YES ◯         NO ⊗

If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% of more of the stock of the party/intervenor owned by a publicly held corporation or
   other publicly held entity?

   YES ◯         NO ⊗

If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Civil Rule 7.3 or Local Criminal 12.3)?

YES ◯        NO ⊗

5. Is the party/intervenor a trade association?

YES ◯        NO ⊘

If yes, identify all members of the association, their parent corporations, and any publicly held companies that own 10% or more of a member's stock:

6. If the case arises out of a bankruptcy proceeding, identify any trustee and the members of any creditor's committee: *No*

7. In a case based on diversity jurisdiction, the following is a list of every individual or entity whose citizenship is attributed to the party/intervenor:

| _____ | _____ |
|-----------------------------|-----------------------------|
| (Name of individual/entity) | (State of citizenship)      |

| _____ | _____ |
|-----------------------------|-----------------------------|
| (Name of individual/entity) | (State of citizenship)      |

| _____ | _____ |
|-----------------------------|-----------------------------|
| (Name of individual/entity) | (State of citizenship)      |

| _____ | _____ |
|-----------------------------|-----------------------------|
| (Name of individual/entity) | (State of citizenship)      |

| _____ | _____ |
|-----------------------------|-----------------------------|
| (Name of individual/entity) | (State of citizenship)      |

| _____ | _____ |
|-----------------------------|-----------------------------|
| (Name of individual/entity) | (State of citizenship)      |

If there are additional individuals or entities who citizenship is attributed to the party/intervenor, please provide their names and states of citizenship on a separate piece of paper.

Signature: _*Nija Page*_____

Date: _____*6/26/2023*_____

2

Case 7:25-cv-00203-FL   Document 9   Filed 06/26/25   Page 3 of 3
Case 7:25-cv-01518-FL   Document 1-3   Filed 09/24/25   Page 32 of 56

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:25-CV-00203-BO

NIGEL MAX EDGE,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )          **MEMORANDUM AND**
                                   )          **RECOMMENDATION**
UNITED STATES OF AMERICA           )
(VETERAN'S AFFAIRS),               )
                                   )
          Defendant.               )

This matter is before the court on Plaintiff's motion for default judgment, [DE-4], and

motions to expedite, [DE-5, -8], which are referred to the undersigned for a memorandum and

recommendation to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. R.

72.3(c)(1), E.D.N.C. For the reasons that follow, it is recommended that the complaint be

dismissed for lack of subject matter jurisdiction and Plaintiff's motions [DE-4, -5, -8] be denied

as moot.

I.    **Background**

Plaintiff, Nigel Max Edge, with a listed address in Oak Island, North Carolina, brought this

action against Defendant, "United States of America (Veteran's Affairs)" (the "VA") after

receiving "below standard" medical care upon his retirement from the military. Compl. [DE-1] at

1–2. Plaintiff alleges that Defendant "has caused [him] physical and psychological damage under

their care" for "a broken foot from intentional faulty equipment," "attempt[ed] to gaslight[1] [him]," "[a]ttempt[ed] to murder the plaintiff by overall treatment . . . after surviving a government organized raid in Iraq during the 'Abu Ghraib Scandal,'" prescribed him medication for opioid addiction and erectile disfunction despite not suffering from either affliction, and conspired with Plaintiff's father who Plaintiff describes as his "captor" "in an attempt to get the victim to 'Commit Suicide.'" *Id.*

Plaintiff attaches a picture of his foot, [DE-1-1] at 1; a copy of a prescription for oxycontin with writing from him about different prescription amounts, him not being suicidal, him being bullied, and college classes, *id.* at 2; a provider reassignment request form regarding his doctor being a racist who is trying to murder him by "prescribing [him] 22(Veteran Suicide) in code through [his] medication," *id.* a 4–5; a complaint to the North Carolina Medical Board stating that his doctor "was talking backwards phonetically and wants to see" his private parts, *id.* at 6–7; two responses from North Carolina Senator Thom Tillis regarding his complaints about VA doctors, *id.* at 8, 10; a privacy authorization release form to Sen. Tillis that states that he has "been severely discriminated against," *id.* at 9; a copy of a 2006 newspaper article about a Vanderbilt lumberyard being sold to a developer, *id.* at 11; and a copy of a FTCA claim dated March 2024 that sought $2 million for personal injury and attempted wrongful death, [DE-1-2]. In his complaint to the court, Plaintiff does not state the amount of damages he is seeking.

Defendant has not appeared in the case, but has filed a notice of related case. [DE-7]. The notice informs the court of another federal case where Plaintiff asserted medical malpractice claims

---

[1] "Gaslight" has been defined as a "light made by burning illuminating gas" or a "gas flame or gas lighting fixture." *Webster's New Collegiate Dictionary* (1979). The court understands that a more recent and perhaps popular colloquial meaning of this term, is "psychological manipulation of a person usually over an extended period of time that causes the victim to question the validity of their own thoughts, perception of reality, or memories." *See Merriam-Webster Dictionary* (2025). The court finds this modern use of the term to be more in-line with the nature of Plaintiff's purported claims.

2

against a physician of Defendant. *Id.* at 1. It specifically stated that the notice should "not be construed as a notice of appearance" or "as an acknowledgement or concession that Federal Rule of Civil Procedure 4(i) has been satisfied." *Id.* at 1–2.

As a result of Defendant's lack of appearance, Plaintiff has filed a motion for default judgment, [DE-4], and two motions to expedite review of Plaintiff's motion for default judgment, [DE-5, -8]. He provides a proof of service form directed to the "Associate General Counsel (VA)," [DE-4-1] at 1, and asserts that Defendant was served on January 10, 2025, by attaching a USPS tracking receipt that shows that his "item" was delivered and "left with individual" in Washington, D.C., with a postal code of 20415, [DE-4-1] at 2. In his first motion to expedite, Plaintiff requests that the court expedite default judgment "based on Continued 'Harassment' by the LGBQT Community within the Veteran Affairs System" and seeks an investigation into the "Systematic mistreatment of Veteran's Specifically Veteran's of the 'Abu Ghraib Scandal' that are unknowingly being subjected to a 'Ethnic Cleaning.' that was occurring in Iraq by the use of Chemical Weapons(poison) and intentional prejudices." [DE-5]. He reiterates the same allegations in his second motion to expedite review. [DE-8].

## II.    Standard of Review

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits, and the

3

district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff has filed a motion for default judgment, not for entry of default. However, because the court cannot consider a default judgment prior to an entry of default, the court construes Plaintiff's *pro se* motion for default judgment as a motion requesting entry of default pursuant to Fed. R. Civ. P. 55(a). *See Shreve v. Wolfe*, No. 5:21-CV-98-BO, 2021 WL 3824674, at *1 (E.D.N.C. Aug. 26, 2021).

Entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The court notes, however, that "public policy strongly prefers that courts decide cases on the merits." *Sears v. United States*, No. 5:12-CT-3078-BO, 2014 WL 3510122, at *2 (E.D.N.C. July 15, 2014) (citing *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417–21 (4th Cir. 2010)).

### III. Discussion

#### i. Subject Matter Jurisdiction

Plaintiff states in his complaint that his claim is predicated on 22 U.S.C. § 2702 and alleges, among other things, that he has experienced substandard medical care, bullying, a broken foot from the intentional malfunction of equipment he needs to walk, several attempts to murder him, a conspiracy to coerce him to commit suicide, and erroneous prescriptions. [DE-1]. Yet, this statute, which relates to malpractice actions against Department of State employees, is inapplicable when Plaintiff alleges medical malpractice by the VA. *See United States v. Smith*, 499 U.S. 160, 170 n.11 (1991) (noting 22 U.S.C. § 2702 is a "pre-immunity statute[]" enacted for medical personnel employed by the State Department). However, the court liberally construes Plaintiff's

4

complaint to assert medical malpractice and intentional infliction of emotional distress claims against the United States under the Federal Tort Claims Act ("FTCA").

Claims for medical malpractice and intentional infliction of emotional distress premised on the conduct of federal government employees are only cognizable under the FTCA, and the law of North Carolina, as the location of the alleged occurrences, applies. *See Estate of Smith v. United States*, No. 7:23-CV-1078-BO, 2025 WL 653341, at *2 (E.D.N.C. Feb. 27, 2025) (explaining the FTCA provides a limited waiver of sovereign immunity for claims of wrongful death and personal injury against the United States and applying substantive state law). "Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity." *Id.* at 1 (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA, however, provides a limited waiver of sovereign immunity. *See* 28 U.S.C. §§ 2671–2680. First, though, claimants must exhaust their administrative remedies as a "jurisdictional prerequisite" to filing suit. *Estate of Van Emburgh by and through Van Emburgh v. United States*, 95 F.4th 795, 800 (2024) (citing 28 U.S.C. § 2675(a)); *Barrett v. USA Veterans Admin.*, No. 5:22-CV-119-M, 2022 WL 19333613, at *3 (E.D.N.C. Oct. 31, 2022); *Martin v. Comer*, No. 5:21-CT-3049-FL, 2022 WL 3443702, at *2 (E.D.N.C. Aug. 3, 2022) (citing 28 U.S.C. § 2675(a)). The administrative exhaustion requirement, which a court may consider *sua sponte*, has three elements: present their claim to the federal agency, state the sum they are seeking, and wait for the agency to either deny their claim or fail to make a final disposition of the claim within six months. *See Estate of Van Emburgh*, 95 F.4th at 800–01 (citing 28 U.S.C. § 2675(a)). After exhausting the administrative remedies, in federal court the United States could be liable to the extent that, "a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

5

Case 7:25-cv-00203-FL    Document 10    Filed 08/13/25    Page 5 of 13
Case 7:25-cv-01518-FL    Document 1-3    Filed 09/24/25    Page 37 of 56

In the present case, Plaintiff has failed to allege facts related to exhaustion, i.e., that he filed a claim with the VA and that his claim was denied or not timely acted upon by the agency. However, Plaintiff did file a copy of an FTCA claim form dated March 6, 2024 containing similar allegations to his complaint and seeking $2 million. [DE-1-2]. Notably, Plaintiff addressed the claim to a Washington, D.C. address associated with the National Mediation Board—not to the VA as required by the exhaustion statute. [DE-1-2]; *see* 28 U.S.C. § 2675(a); *see also Killian v. United States*, No. 1:24-CV-00097-MR, 2024 WL 3585678, at *2 (W.D.N.C. July 30, 2024) (explaining that the plaintiff must allege, or the record must indicate, that he presented his claim to the appropriate agency before filing suit). Thus, because Plaintiff failed to allege presentment of his claim to the appropriate agency—a jurisdictional prerequisite to filing suit—he failed to exhaust his administrative remedies, and the court lacks subject matter jurisdiction over the claim. *See Bussie v. Sharf*, No. 5:24-CT-03114-M, 2024 WL 2947259, at *2 (E.D.N.C. June 11, 2024) (finding lack of subject matter jurisdiction when it was "clear from the face of the complaint that plaintiff did not even begin, let alone exhaust, any administrative remedies prior to filing the instant FTCA suit"); *Cook v. Blair*, No. 5:02-CT-609-BO, 2003 WL 23857310, at *2 (E.D.N.C. Mar. 21, 2003) (dismissing an FTCA claim for lack of subject matter jurisdiction when the plaintiff failed to present his claim to the appropriate agency); *see also Davis v. Dejoy*, No. 1:23-CV-773, 2024 WL 2941747, at *4 (M.D.N.C. June 11, 2024) ("Certain FTCA requirements, such as presenting the claim to the federal agency and presenting a 'sum certain,' have been treated as jurisdictional.") (citing 28 U.S.C. § 2675(a)). Accordingly, it is recommended that the complaint be dismissed for lack of subject matter jurisdiction.

6

### ii. Service

Alternatively, should the court find that Plaintiff exhausted his administrative remedies, the entry of default is not appropriate because Plaintiff has failed to demonstrate proper service. In support of the motion for default, Plaintiff attaches a proof of service form, [DE-4-1] at 1, and a USPS tracking receipt that shows delivery of an "item" that was "left with individual" in Washington, D.C., [DE-4-1] at 2–4. Defendant has not appeared in the case but has filed notice of a related case, which expressly does not concede service. [DE-7].[2]

As a prerequisite to an entry of default, the party against whom judgment is sought "must have properly been served with process." *Melvin v. Soc. Sec. Admin.*, No. 5:09-CV-235-FL, 2010 WL 1958604, at *12 (E.D.N.C. Mar. 24, 2010) (citing *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Default cannot be entered where there was insufficient service of process.")). Proof of service must be made to the court by affidavit. Fed. R. Civ. P. 4(1)(1).

Service of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4 requires that a valid summons contain the name of the court and the parties, be directed to the defendant, state the name and address of the plaintiff or plaintiff's attorney, state the time within which the defendant must appear and defend, notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded, be signed by the clerk, and bear the court's seal. Fed. R. Civ. P. 4(a)(1). The Rule also provides that a valid summons must be served upon the defendant along with a copy of the complaint to effectuate service unless the defendant chooses to waive the service requirements. *Id.* (c)(1)–(d). Yet, the plaintiff cannot serve the summons and complaint himself. *Id.* (c)(2).

---

[2] "A defendant knowing about a lawsuit, or moving to dismiss it, does not mean a plaintiff effected proper service or excuse plaintiff of complying with the service requirement." *Shreve*, 2021 WL 3824674, at *2 (*citing Pitts v. O'Geary*, 914 F. Supp. 2d 729, 734 (E.D.N.C. 2012)).

7

The Rule details a specific procedure for serving the United States and its agencies, corporations, officers, or employees. *Id.* (i).

> To serve the United States, a party must:
>
> > (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> >
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> >
> > (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> >
> > (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

*Id.* (i)(1). If a party is suing a United States agency, it must serve the United States as explained above "and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." *Id.* (ii)(2).

Here, Plaintiff did not serve the summons and complaint properly. Despite the prohibition against a party serving a defendant even through a mail carrier, Plaintiff did exactly that. *See* Fed. R. Civ. P. 4(c)(2); *see also Norton v. Columbus Cnty. Bd. of Elections*, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.") (quoting *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010)). Additionally, Plaintiff's proof of service form shows that he sent the summons to the "Associate General Counsel" of the VA, not also to the United States Attorney in North Carolina and Attorney General in Washington, D.C. [DE-4-1] at 1; *see Demons v. Dept. of Veteran Affairs*, No. 5:23-CV-00253-M, 2024 WL 2019707, at *4 (E.D.N.C. Apr. 17, 2024) (finding that

8

the plaintiff did not properly serve the VA when he did not send a copy to the United States Attorney for the district or the Attorney General in Washington). Thus, Plaintiff failed to serve serve at least two of the necessary parties for a lawsuit against a United States agency. *See Demons*, 2024 WL 2019707, at *4 (finding that the district court properly dismissed the plaintiff's claim against the VA when he did not serve the United States Attorney in North Carolina and the Attorney General in Washington). Accordingly, it is recommended that the motion for default judgment, construed as a motion to default, be denied due to lack of service and the motions to expedite review be denied as moot.

### iii. Failure to State a Claim

Alternatively, assuming Plaintiff properly exhausted his administrative remedies given and effectuated proper service, even given his *pro se* status Plaintiff has failed to state a claim for medical malpractice or intentional infliction of emotional distress under North Carolina law.[3]

"A complaint must allege enough facts to state a claim for relief that is facially plausible." *Shreve*, 2021 WL 3824674, at *4 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, the facts pled "must 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'" without conclusory statements. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Factual allegations cannot only be

---

[3] A district court may dismiss *sua sponte* a complaint for failure to state a claim. *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1357 (3d ed. Oct. 2020 update) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district court judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim ....")); *Edge v. United States*, No. 7:24-CV-1086-FL, 2025 WL 818568, at *7 (E.D.N.C. Mar. 13, 2025), *aff'd*, No. 25-1261, 2025 WL 1692742 (4th Cir. June 17, 2025) ("Although defendant Barry has not appeared in this action nor moved for dismissal, the court also dismisses any constitutional claims against him for failure to state a claim."). This exercise of authority may only occur if the complainant is "afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson*, 989 F.3d at 291 (quoting *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002)). As this is a memorandum and recommendation, Plaintiff will have notice and opportunity to object or seek to amend the complaint before the district court. *See e.g., Hardwick v. Lewis*, No. 5:23-CV-504-BO, 2024 WL 4500706, at *5 (E.D.N.C. Mar. 28, 2024), *report and recommendation adopted*, 2024 WL 4100491 (E.D.N.C. Sept. 6, 2024).

9

conceivable; they must be plausible. *Twombly*, 550 U.S. at 570. Thus, "[t]he complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct." *Shreve*, 2021 WL 3824674, at *4 (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009)). "The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (citing *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

To state a claim for medical malpractice under North Carolina law, a plaintiff must plausibly allege facts that show "(1) the standard of care, (2) breach of the standard of care, (3) proximate causation, and (4) damages." *Jones v. United States*, No. 5:21-CT-03158-M, 2024 WL 4280921, at *24 (E.D.N.C. Sept. 24, 2024) (quoting *Turner v. Duke Univ.*, 325 N.C. 152, 162 (1989)). In other words, a physician will not be liable if she provided care "in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities under the same or similar circumstances at the time of the alleged act giving rise to the cause of action." *Id.* (quoting N.C. Gen. Stat. § 90-21.12(a)).

For intentional infliction of emotional distress, a plaintiff must plead "(1) extreme and outrageous conduct by defendants (2) which is intended to and does in fact cause (3) severe emotional distress." *Russ v. Causey*, 732 F. Supp. 2d 589, 607 (E.D.N.C. 2010) (citing *Holloway v. Wachovia Bank & Trust Co.*, 339 N.C. 338, 351 (1994)). "Extreme and outrageous conduct" is that which "shock[s] the conscience" or "exceeds all bounds of decency tolerated by society." *Id.* (quoting *West v. King's Dep't Store, Inc.*, 321 N.C. 698, 704 (1988)). The act can be "done of wicked purpose[] or . . . done needlessly, manifesting a reckless indifference to the rights of

10

others." *Soto v. Town of Rolesville*, 729 F. Supp. 3d 533, 552 (E.D.N.C. 2024) (quoting *Grad v. Kaasa*, 312 N.C. 310, 313 (1984)). Lastly, severe emotional distress includes "an emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Payne v. Whole Foods Market Grp., Inc.*, 812 F. Supp. 2d 705, 710 (E.D.N.C. 2011) (quoting *May v. City of Durham*, 136 N.C. App. 578, 586 (2000)).

With respect to his medical malpractice claim, Plaintiff has failed to allege the necessary elements. Plaintiff did not provide specifics regarding the physicians' behavior, such as how they attempted to murder, "gaslight," and prescribe Plaintiff pills that foreshadowed his suicide. [DE-1]; *see Christian v. North Carolina*, No. 5:13-CV-739-FL, 2014 WL 652653 at *6 (E.D.N.C. Feb. 19, 2014) (dismissing a complaint that "is scattershot in nature, consisting wholly of conclusions"). It is also unclear what harm Plaintiff suffered directly at the hands of his physicians because of his delusions. [DE-1]; *see Christian*, 2014 WL 652653 at *6 (finding that the claims "lack an arguable basis in fact as they are 'so nutty, delusional, or wholly fanciful as to be simply unbelievable'") (internal quotations and citations omitted) (quoting *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009)). Thus, the court does not find that his allegations are plausible. *See Christian*, 2014 WL 652653 at *2 (accepting a recommendation for dismissal of a complaint that includes medical malpractice because it presents "sensational scenarios of far-reaching conspiracies and fanciful wonderment and lack and arguable basis in fact").

Additionally, Plaintiff does not plausibly allege a claim for intentional infliction of emotional distress. Plaintiff's allegations, for example, that his father is a captor conspiring with Defendant and translating statements through a fabricated coding system are simply not believable.

11

Case 7:25-cv-00203-FL    Document 10    Filed 08/13/25    Page 11 of 13
Case 7:25-cv-01518-FL    Document 1-3    Filed 09/24/25    Page 43 of 56

[DE-1] at 2; *see Wells v. Moen, Inc.*, No. 4:08-CV-00180-FL, 2009 WL 2568186, at *7 (E.D.N.C. Aug. 17, 2009) (concluding that the claim is not properly pled when the plaintiff did "not provide any specific factual support for the distress she has allegedly suffered"). Furthermore, Plaintiff does not specify the physicians' behavior with enough clarity, which means that the court is unable to determine whether the conduct was extreme and outrageous and what the physicians' intentions were during their interactions with Plaintiff. *See Thomas v. Green Point Mortg. Funding*, No. 5:10-CV-365-D, 2011 WL 2457835, at *2 (E.D.N.C. June 16, 2011) (dismissing a claim when the plaintiff "falls to allege any act or omission . . . much less an act that is 'extreme and outrageous'"). Thus, Plaintiff has not stated a facially plausible claim for intentional infliction of emotional distress. *See id.* (dismissing a claim for intentional infliction of emotional distress when the plaintiff fails to allege all the elements). Accordingly, without a plausibly stated claim for intentional infliction of emotional distress or medical malpractice, it is recommended that the complaint be dismissed. *See Robertson*, 989 F.3d at 291 (permitting a court to dismiss *sua sponte* for failure to state a claim).

## IV.    Conclusion

For the reasons stated above, it is RECOMMENDED that the complaint be DISMISSED for lack of subject matter jurisdiction and Plaintiff's motions for default judgment, construed as a motion to default, and expedited review be DENIED AS MOOT.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. You shall have until **Wednesday, August 27, 2025**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the

12

determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins,* **766 F.2d 841, 846–47 (4th Cir. 1985).**

Submitted, this 13th day of August, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge

13

Case 7:25-cv-03203-FL    Document 10    Filed 08/13/25    Page 13 of 13
Case 7:25-cv-01518-FL    Document 1-3    Filed 09/24/25    Page 45 of 56



# United States District Court
## Eastern District of North Carolina

Nigel Max Edge
**V.**

Veteran Affairs
United States of America

**Case No.#7:25-CV-203BO**

**Response to Memorandum**

## Response to Memorandum

The Plaintiff, in this case, Nigel Edge has provided more than necessary evidence for requests and relief made within the submitted complaint. He has followed every direction available to him for proper service and filing documents, all arguments otherwise are merely contributing to the attempt to "Promote Suicide" and murder the plaintiff after everything he has done for this country and survived, this is not proper treatment towards a "Hero."

The plaintiff would like to remind the court that the VA advised the plaintiff to file this case after their acknowledgement of "Severe Bias's" motivating mistreatment towards the plaintiff within the Veteran Affairs system.

———————————————

The United States District Court for Eastern District of North Carolina has Jurisdiction on this matter without question.

———————————————

Appropriate Service has been completed following correct procedure and filed with the court.

———————————————

1

There are MULTIPLE active cases upon the discovery of the "Civil Conspiracy" that has been "Human Trafficking" the plaintiff his entire life. The plaintiff would like to point out that he would rather people treat him as a "Human Being," however with continued immature and childish behavior towards the plaintiff he has no choice to continue with active filing lawsuits against the "Terrorists" attempting to murder him within the Veteran's Affairs System. Example Below:



The plaintiff's most recent appointment with Dr. Zanaga, the plaintiff, requested for lab tests to be done because he was not feeling 100%. Receiving the results above Dr. Zanga in LGBQT code has broadcasted 143(Pedophile ring or circle) and 6(9-Nnie) 25(one for) 222(22 suicide) and SERUM in capital numbers converts to LGBQT- US WAR !!.

Personally, I don't believe this is normal nor professional behavior that should be associated with the medical field. I am EMT trained, highly educated and have been researching my situation the best I can, and I believe that is the only reason I am still alive. If I listened to the VA doctors over the years, I would be without a doubt DEAD!

2

The complaint was filed on January 7th 2025, 8 months later after multiple motions have been filed is not the time and is far beyond the time to use "Failure to serve," properly as a technicality to escape accountability for a continued attempt to murder the plaintiff.

The complete disregard of the plaintiff's life is a result of continuous and inhumane treatment from the Veteran's Affair's towards the plaintiff since his honorable retirement from the United States Marine Corp.. Surviving "Treatment" described within this Complaint the plaintiff is seeking relief from the United States Government and the Veteran's Affairs after surviving a "Assassination Attempt, torture, the use of being a "Drug Mule, raped, and sent to the United States in a Body Bag" by the United States Government. Treatment revealed within this complaint is a continuation of this "Attempted Assassination," upon it' recognition, the plaintiff is logically seeking monetary relief.

The plaintiff believes the treatment of this case is a result of surviving what he has and has nothing to do with actions taken by him.

The Plaintiff has exhausted all administrative remedies and more.

The three elements pointed out by the defendants have all been fulfilled, agency has been presented with the issue's multiple times, the agencies have had more then six months previous to the filing of this case, and a sum has been included with the complaint of $2,000,000.00. This sum considers the facts, betrayal, sadistic measures by the government in this situation and its multiple attempts to conceal this issue and the discovery of those attempts represent a figure that would never actually be able to repay what has been taken away from the plaintiff.

The plaintiff has nothing more to say; he has taken every step that the defendant is arguing within his memorandum. The drastic and severe events that the plaintiff has experienced and survived by the VA overtakes all arguments.

That this entire Case Speaks for Itself or "Res Ipsa Loquitar." The fact that the plaintiff a already handicapped veteran used a custom brace that should be helping him walk that "Broke his foot," is a prime example and only one of many scenarios showed to the court.

The way the VA has prescribed medications towards the plaintiff that should "help" the plaintiff the VA might of well have poisoned the plaintiff. The Plaintiff has studied medicine and is EMT trained. With real world experience and his education, he can regulate treatment he is

3

experiencing, if he wasn't able to he would be dead. It does not take a genius to recognize that medication prescribed for conditions that the plaintiff isn't experiencing is just plain "Mallum Se." Luckily the plaintiff is educated enough to recognize these actions and is able to show these actions to the court.

This case is a "Open and Shut Case," derived from facts and evidence presented to the court, that this behavior is so immoral towards human beings, especially towards a "Good Man," that has Honorably served his country; it can obviously be construed to be another "Assassination attempt" by the Veteran Affairs, and most likely the reason for mass "Suicides" of veterans that have done nothing wrong other than expect a government to hold up it's end of a contract upon there enlistment.

The Plaintiff has followed through with all instructions, service, and is solely asking for what he is owed in a horrendous situation that the Veteran's Affair's is making worse.

The plaintiff has served the Veteran's Affairs similarly to the multiple other lawsuits active upon the recognition of this "Civil Conspiracy." The defendant's plea of "Failure to serve" is not one the court should be recognized after so much time has passed, for such severe circumstances. The fact that the defendants are bringing up such minute details shows the court that there is no TRUE reason that the Veteran's Affair's should not be held accountable for there actions, and can be added to the strategic strategy that the U.S. Government has been attempting to avoid it's accountability for a lot of what has occurred over the plaintiff's life.

The Veteran's Affairs is preventing the plaintiff's use of Benefits that he is entitled to.

The Plaintiff is being intentionally "Injured" by equipment that is meant to help him walk and mistreated by prescribed medications in an attempt to murder or harm the plaintiff further like a child that has been caught doing something wrong, not knowing what to do.

Stated within the defendants standard Review

The Defendant's overdue response in this matter reflects how the plaintiff is being treated in general. That being said, the court should see these actions and inactions as a motivation to provide a Judgement in favor of the plaintiff for the Relief sought.

Many of these arguments in the memorandum are in themselves foolish, bringing arguments to light then answering them. The VA advised the plaintiff to file this case, the plaintiff followed guidelines, and procedure after surviving "Severe Bias's" that is truly Terrorism within the VA system after everything he survived in Iraq during the "Abu Ghraib Scandal."

The failure to respond in the allotted time warrants a "Default Judgement," in favor of the plaintiff, however if the court does not agree; evidence presented reveals more then enough

4

PROOF BEYOND A REASONABLE DOUBT that the plaintiff has been subjected to mistreatment revealed in this case.

8 / 19 / 2025        Nigel Edge

5

Case 7:25-cv-00203-FL Document 11 Filed 08/19/25 Page 5 of 5
Case 7:25-cv-01518-FL Document 1-3 Filed 09/24/25 Page 50 of 56

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:25-cv-203-BO-BM

)
)
)
)                                    **REASSIGNMENT ORDER**
)
)

At the direction of the Court, and for the continued efficient administration of justice, the above-captioned case is reassigned to the Honorable Louise Wood Flanagan, United States District Judge, for all further proceedings. United States District Judge Terrence W. Boyle is no longer assigned to the case. **All future documents should reflect the revised case number of 7:25-cv-203-FL.**

SO ORDERED. This the  20th day of August, 2025.

/s/ Peter A. Moore, Jr.
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:24-cv-203-BO-BM

NIGEL MAX EDGE,                        )
      Plaintiff,                      )
                                      )
v.                                     )      **REASSIGNMENT ORDER**
                                      )
UNITED STATES OF AMERICA               )
(VETERAN'S AFFAIRS),                   )
      Defendant.                      )

At the direction of the Court, and for the continued efficient administration of justice, the

above-captioned case is reassigned to the Honorable Louise Wood Flanagan, United States District

Judge, for all further proceedings. United States District Judge Terrence W. Boyle is no longer

assigned to the case. **All future documents should reflect the revised case number of 7:25-cv-**

**203-FL.**

SO ORDERED. This the 20th day of August, 2025.

/s/ Peter A. Moore, Jr.
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25-CV-203-FL

| | |
|---|---|
| NIGEL MAX EDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA | ) |
| (VETERAN'S AFFAIRS), | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on plaintiff's motions for default judgment, and to expedite. (DE 4, 5, 8). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiffs' complaint be dismissed for lack of subject matter jurisdiction and the motions be denied as moot. (DE 10). Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. Id. The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

1

The magistrate judge recommends dismissal for lack of subject matter jurisdiction. Upon de novo review of the M&R and plaintiff's objections, the court finds the magistrate judge's analysis to be thorough and correct. This court lacks subject matter jurisdiction due to plaintiff's failure to exhaust properly his claims under the Federal Tort Claims Act ("FTCA"). In particular, "[w]hen filing suit under the FTCA, plaintiffs must satisfy certain jurisdictional prerequisites." Est. of Van Emburgh by & through Van Emburgh v. United States, 95 F.4th 795, 800 (4th Cir. 2024). One of these is that a plaintiff must "'present [his] claim to the appropriate Federal agency,'" as the first "administrative exhaustion requirement" for a suit under the FTCA. Id. at 801 (quoting 28 U.S.C. § 2675(a)).

Here, plaintiff has not demonstrated he presented his claim to the appropriate Federal agency, the United States Department of Veterans Affairs ("VA"). Although plaintiff attaches a claim form to his complaint (DE 1-2) it states it was submitted to "1301 K Street N.W., Suite 250E, Washington D.C. 20005," (DE 1-2), which the magistrate judge determined is an "address associated with the National Mediation Board-not to the VA as required by the exhaustion statute." (M&R (DE 10) at 6). Plaintiff's objections do not address this shortcoming, which "is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Plaintiff points, instead, to multiple other suits that he has filed against VA, but "the filing of a suit does not provide sufficient notice to the federal agency." Id. at 124.

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge as its own, and plaintiffs' action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk of court is DIRECTED to TERMINATE as moot plaintiff's motions (DE 4, 5, 8), and to close the case.

2

SO ORDERED, this the 16th day of September, 2025.

LOUISE W. FLANAGAN
United States District Judge

3

Case 7:25-cv-00203-FL    Document 14    Filed 09/16/25    Page 3 of 3
Case 7:25-cv-01518-FL    Document 1-3    Filed 09/24/25    Page 55 of 56

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NIGEL MAX EDGE | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGMENT** |
| | ) | No. 7:25-cv-203-FL |
| UNITED STATES OF AMERICA | ) | |
| (Veteran's Affairs) | ) | |
| Defendant. | ) | |

**Decision by Court.**

This action came before the Honorable Louise W. Flanagan, United States District Judge, for consideration of the report and recommendation of the United States Magistrate Judge, to which objection was filed.

**IT IS ORDERED, ADJUDGED AND DECREED** in accordance with the court's order entered on September 16, 2025, and for the reasons set forth more specifically therein, that plaintiffs' claims are DISMISSED for lack of subject matter jurisdiction.

**This Judgment Filed and Entered on September 16, 2025, and Copies To:**
Nigel Max Edge (via US mail) 157 NW 10th Street, Oak Island, NC 27465

September 16, 2025                    PETER A. MOORE, JR. CLERK

                                       /s/ Sandra K. Collins
                                       (By) Sandra K. Collins, Deputy Clerk